United States District Court
Southern District of Texas
**ENTERED**
January 12, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| AMERICAN CONTRACTORS INDEMNITY COMPANY DBA TEXAS BONDING COMPANY, § § § § Plaintiff. § § VS. § TRI COASTAL COMMUNITY § DEVELOPMENT, ET AL., § § Defendants. § | CIVIL ACTION NO. 3:19-CV-00399 |

## MEMORANDUM AND RECOMMENDATION

In this breach of contract action, American Contractors Indemnity Company /d/b/a Texas Bonding Company ("Texas Bonding") contends that Defendant Sherwin Tongee ("Tongee") has failed to comply with his indemnity obligations under a General Agreement of Indemnity dated February 23, 2016 (the "Indemnity Agreement"). Texas Bonding has filed a Motion for Summary Judgment. *See* Dkt. 23. For the reasons discussed below, I recommend that the Motion for Summary Judgment be **GRANTED**.

## BACKGROUND

Texas Bonding is a company that executes performance and payment bonds. In February 2016, Texas Bonding provided performance and payment bonds (the "Bonds") on behalf of Tri Coastal Community Development ("Tri Coastal") for a residential property located in Galveston, Texas. To induce Texas Bonding to

execute the bonds, Tri Coastal, Tongee, Marcus C. Hunt, and Sterling Flemon (collectively, the "Indemnitors") executed the Indemnity Agreement. In that agreement, the Indemnitors promised, jointly and severally, to "exonerate, indemnify, keep indemnified, reimburse and save and hold" Texas Bonding from and against any and all losses and expenses that Texas Bonding incurred by reason of having issued the Bonds. Dkt. 23-1 at 9.

Texas Bonding received multiple payment claims on the Bonds. After investigation, Texas Bonding determined those claims to be valid and paid them. To date, Texas Bonding has incurred a loss of $90,272.79, in addition to attorney's fees and expenses, in connection with claims against the Bonds. Seeking to collect those sums, Texas Bonding filed this breach of contract action. Of the Indemnitors, Tongee is the only one that filed an answer. The other Indemnitors have not appeared in the lawsuit, and a Clerk's Entry of Default has been entered against them. Texas Bonding has now moved for summary judgment solely against Tongee. *See* Dkt. 23. Tongee, however, has not responded to the summary judgment motion.

## SUMMARY JUDGMENT STANDARD

Summary judgment is proper when there is no genuine issue of material fact. *See* FED. R. CIV. P. 56(a). Texas Bonding's summary judgment burden requires that it produce evidence demonstrating that no factual dispute exists as to each element of its breach of contract cause of action. *See Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986) ("[I]f the movant bears the burden of proof on an issue, either

because he is the plaintiff or as a defendant he is asserting an affirmative defense, he must establish beyond peradventure *all* of the essential elements of the claim or defense to warrant judgment in his favor."). "When the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine dispute for trial." *Liberty Ins. Corp. v. Dixie Elec., LLC*, 637 F. App'x 113, 116 (5th Cir. 2015) (cleaned up).

Although Tongee has failed to respond to the Motion for Summary Judgment, summary judgment may not be awarded by default. *See Hibernia Nat'l Bank v. Administracion Cent. Sociedad Aonima*, 776 F.2d 1277, 1279 (5th Cir. 1985). I am required to make an independent analysis as to whether summary judgment is proper.

## ANALYSIS

"When exercising diversity jurisdiction over a question based upon state law, federal courts should apply the substantive law of that state. Contract law is an area of state law." *Crisalli v. ARX Holding Corp.*, 177 F. App'x 417, 419 (5th Cir. 2006) (cleaned up). Accordingly, I will apply Texas law to Texas Bonding's contractual indemnity claim against Tongee. Under Texas law, the elements of Texas Bonding's contractual indemnity claim are as follows: (1) a contractual indemnity agreement exists; (2) the agreement obligates Tongee to indemnify the surety (Texas Bonding) in the event claims are made on the bonds issued; (3) claims were made on the bonds issued; (4) all conditions precedent for recovery have occurred, been

3

performed, been waived, or been excused; and (5) Texas Bonding has suffered damages. *See Transamerica Ins. Co. v. Avenell*, 66 F.3d 715, 719 (5th Cir. 1995).

Texas Bonding's summary judgment evidence establishes that there is no genuine issue of material fact with respect to any of these elements. Texas Bonding and Tongee executed the Indemnity Agreement, the agreement obligated Tongee to indemnify Texas Bonding if claims were made against the bonds issued, claims were made on the bonds issued, all conditions precedent for recovery have occurred, and Texas Bonding has suffered damages.

The damages are undisputed. The Indemnity Agreement contains a standard prima facie clause:

> In the event of any payment by [Texas Bonding], an itemized statement of the amount of any such payment [by Texas Bonding] sworn to by any officer or authorized representative of [Texas Bonding], or any voucher or vouchers, invoices or other evidence of such payment shall be prima facie evidence of the fact and the amount of such payment, and the extent of the liability of any Principal and Indemnitor to [Texas Bonding], and in the absence of actual fraud shall be final, conclusive and binding upon any Principal and Indemnitor in any claim, suit or other proceeding by [Texas Bonding] to recover the amount of such payments pursuant to this Agreement or otherwise.

Dkt. 23-1 at 12. Federal and state courts in the State of Texas have repeatedly upheld prima facie clauses such as this one as valid and enforceable. *See Engbrock v. Fed. Ins. Co.*, 370 F.2d 784, 786 (5th Cir. 1967); *Safeco Ins. Co. of Am. v. Gaubert*, 829 S.W.2d 274, 282 (Tex. App.—Dallas 1992, writ denied). Attached to Texas Bonding's Motion for Summary Judgment is the affidavit of S. Arpi Mnatsakanyan and a Loss and Recovery Transaction Report. These documents

constitute prima facie evidence of Tongee's liability and establish that Texas Bonding incurred $90,272.79 to resolve payment claims. Texas Bonding is also entitled, both by the express terms of the Indemnity Agreement and Texas law, to recover its reasonable and necessary attorney's fees. The uncontroverted summary judgment evidence establishes that Texas Bonding incurred reasonable and necessary attorney's fees in the amount of $21,229.50 and court costs in the amount of $1,734.00 in pursuing this matter. All told, Texas Bonding's damages total $113,236.29. To date, Tongee has failed to indemnify Texas Bonding for its loss.

## CONCLUSION

For the reasons stated above, I recommend that Texas Bonding's Motion for Summary Judgment (Dkt. 23) be **GRANTED**, and that Texas Bonding recover a final judgment against Tongee in the amount of $113,236.29, together with post-judgment interest at the legal rate.

The Clerk shall provide copies of this Memorandum and Recommendation to the respective parties who have fourteen days from the receipt thereof to file written objections pursuant to Federal Rule of Civil Procedure 72(b) and General Order 2002–13. Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

SIGNED on this 12TH day of January 2021

_____
ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE